IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JAMES JUNIOR WEST,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-270-O-BP |
| | § | |
| **GRETCH COLBERT,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff James Junior West ("Plaintiff") has filed a civil case. ECF No. 1. Resolution of preliminary matters was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

James Junior West is the Plaintiff. In the complaint, Plaintiff lists as defendant Gretch Colbert. ECF No. 1.

C.   LEGAL ANALYSIS

Plaintiff filed this suit accompanied by a short form in forma pauperis application. ECF No. 2. Because that document provided insufficient information about Plaintiff's income and assets, the Court issued an Order and Notice of Deficiency directing Plaintiff to complete and file a long-form in-forma-pauperis application, in order for the Court to have sufficient information to

make the pauper determination. ECF No. 5. That Order directed Plaintiff to file the fully completed long-form by April 22. *Id*. And it directed that **"failure to timely submit the applicable fees or a fully completed application to proceed in forma pauperis by that time could result in the dismissal of this case without further notice."** *Id.* (citing Fed. R. Civ. P. 41(b)). Plaintiff West did not comply, and the Court then issued a "Second Notice of Deficiency and Order" extending the time for West to comply until May 10, 2022. ECF No. 6. That Order expressly noted that **"failure to comply with this Order will result in a recommendation that his case be dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b)."** *Id*. Plaintiff has not responded. Because Plaintiff has wholly failed to file the fully completed in-forma-pauperis application, he has failed to comply with this Court's order.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff has failed to comply with this Court's deficiency orders, this case may be dismissed for failure to comply with a Court order and for lack of prosecution under Federal Rule of Civil Procedure 41(b).

## RECOMMENDATION

It is therefore **RECOMMENDED** that all of Plaintiff's claims be **DISMISSED** for failure to comply with a Court order and for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States

Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on May 17, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE